HARE & CHASE, INCORPORATED, APPELLANT, v. GASSNER & ACKERLY MOTORS, INCORPORATED, RESPONDENT.

Submitted January 29, 1926—Decided May 11, 1926.

The assignee of the vendor's rights in a contract of conditional sale of an automobile stands in the place of the original conditional vendor, and, like him, in case of default by conditional vendee and recaption of the property, takes it subject to any lien lawfully created by the conditional vendee under the first section of the Garage Keepers' Lien act of 1915. *Pamph. L.*, p. 556. Nor does he become an innocent purchaser for value without notice, so as to avoid the lien, by holding the statutory sale under the act of 1919 (*Pamph. L.*, p. 461), and buying in at such sale.

---

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Haines & Chanalis.*

For the respondent, *Thomas Brunetto.*

The opinion of the court was delivered by

PARKER, J.   This is a statutory replevin suit under the Garage Keepers' Lien act of 1915 (*Pamph. L., p.* 556), as amended in 1922.  *Pamph. L., p.* 401.  The further amendment by *Pamph. L.* 1925, *p.* 96, need not be considered, because no question of technical procedure is raised, and the right of lien and of repossession thereunder, if any, arose in 1923, so that the proviso in the amended section 1 of 1925 is inapplicable.  The question is whether, upon a public sale pursuant to the provisions of the Conditional Sales act of 1919 (*Pamph. L., p.* 461), based on a default by the conditional vendee and seizure by the assignee of the conditional vendor, such assignee, on becoming the purchaser at such public sale, took title free of the lien claimed by defendants under the Garage Keepers' Lien act.   The trial court held defendants were entitled to recover their claim for repairs and supplies, &c., as a lien on the motor car involved, and plaintiffs appeal.

The facts are a little complicated.  We take them from appellants' brief.  About October, 1923, Gassner & Ackerly Motors, Incorporated, the defendant, sold to the United Hide Company the car in question by a contract of conditional sale, duly executed and recorded, and Gassner & Ackerly Motors immediately assigned their vendors' interest in the contract to Hare & Chase, Incorporated, the plaintiffs.   This substituted Hare & Chase as conditional vendors.

Next, United Hide Company incurred a bill of $185.45 for parts, labor, &c., supplied by Gassner & Ackerly Motors, Incorporated, who were out of the case as vendors, and came in again solely as repairers and supplymen.  They did not retain possession to secure their claim, but allowed United Hide Company to have the car, relying on their statutory lien.

JANUARY TERM, 1926.        501

*102 N. J. L.*    Hare & Chase, Inc., v. Gassner & Ackerly, &c.

In this situation, United Hide Company defaulted on the installment contract; Hare & Chase, as substituted conditional vendors, foreclosed by seizure, advertisement and sale, and bought in at their own sale.

The judge held that Hare & Chase had no actual notice of the Gassner claim, and was a purchaser for value; but that plaintiffs have the status of conditional vendee, the relation of principal and representative existed between them and the Hide company, and they bought subject to the lien. The correctness of this ruling is the sole matter questioned on this appeal. The argument for appellant is that Hare & Chase are *bona fide* purchasers without notice, as in *Lanterman* v. *Luby,* 96 *N. J. L.* 255.

The statute (*Pamph. L.* 1915, *p.* 556, § 1) provides that garage keepers, &c., repairing or supplying any motor vehicle "at the request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien," &c.

In *Crucible Steel Co.* v. *Polack Tire and Rubber Co.,* 92 *N. J. L.* 221, the facts were exactly parallel to those in the case at bar, except that there was no vendor's assignment of the conditional contract of sale, and the supplies were furnished by a party not previously connected with the motor car in question. That is a distinction without a difference. In that case, as in this, there was a conditional sale, a debt incurred for supplies by conditional vendee, default on the sale contract, and replevin by conditional vendor. There was no public sale, but the conditional vendee released all claim by bill of sale. The only matters considered by the Court of Errors and Appeals related to the constitutionality of the act of 1915, and the court, not finding it invalid as to the points involved, affirmed a judgment supporting the lien.

We fail to see any substantial difference between the case of a conditional vendee accepting what may be called a release of the equity of redemption in the chattel, and becoming purchaser at his own sale, so far as outside claims are involved. By the very language of the statute, the condi-

tional vendee may create the lien, good, as stated in *Lanterman* v. *Luby, supra* (at *p.* 261), against the conditional vendor, who (says the opinion) was not an innocent purchaser without notice. How such vendor can then be transformed into an innocent purchaser without notice by merely foreclosing, and buying in at his own sale, we fail to see. In this aspect, Lanterman *v.* Luby, cited for appellant, is an authority for the appellee. In that case there was no such situation as here, but the conditional vendee sold his interest to a complete outsider.

It is notworthy that, in 1925, the first section of the Lien act was amended by a proviso saving the rights of conditional vendors and chattel mortgagees as against liens created after record of the contract or mortgage. This indicates a change in the legislative policy, but, as a matter of construction, argues for the correctness of the views above expressed.

The judgment will be affirmed.